UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| KWAKU ATTAKORA,<br><br>    Plaintiff,<br><br>        v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants. | Civil Action No. 12-1413 (CKK) |

MEMORANDUM OPINION
(May 8, 2013)

Plaintiff Kwaku Attakora filed suit against Defendants the District of Columbia and Mannone A. Butler, alleging the Defendants wrongfully terminated the Plaintiff's employment with the District on the basis of his age and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.*, and the District of Columbia Human Rights Act, D.C. Code § 2-1403.01 *et seq.* The Plaintiff further alleges that the Defendants interfered with and/or retaliated against the Plaintiff's exercise of his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.* Presently before the Court is the Defendants' [19] Motion to Dismiss the Amended Complaint for failure to state a claim. The Plaintiff indicated in his opposition that he is no longer pursuing his age discrimination claims, but opposes the Defendants' motion to dismiss his national origin discrimination and FMLA claims. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record for purposes of this motion, the Court finds the Plaintiff has stated a claim for national origin

---

[1] Defs.' Mot. to Dismiss, ECF No. [19]; Pl.'s Opp'n, ECF No. [25]; Defs.' Reply, ECF No. [26].

discrimination, but has not pled facts specific enough to state a claim under the FMLA. Accordingly, the Defendants' [19] Motion to Dismiss the Amended Complaint is GRANTED IN PART and DENIED IN PART. Counts three, four, and five of the Amended Complaint are DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

The following facts are drawn from the Plaintiff's Amended Complaint, which the Court accepts as true for purposes of deciding the Defendants' motion to dismiss. The Plaintiff is an African-American male of Ghanaian descent. Am. Compl. ¶ 9. Since April 2008, the Plaintiff worked as a Senior Statistician for the District of Columbia Criminal Justice Coordinating Council ("CJCC"). *Id.* at ¶ 12. At various points beginning in early 2010, Defendant Butler served as the Interim Executive Director of CJCC and the Deputy Director of CJCC, before being appointed Executive Director in May 2011. *Id.* at ¶¶ 14, 20, 21, 37. The Amended Complaint does not indicate Defendant Butler's national origin.

The Plaintiff alleges that following her initial appointment as Interim Executive Director, Defendant Butler "made derogatory statements about Africans," including stating on several occasions that "[t]hese Africans are just lazy and don't like to work." Am. Compl. ¶ 15. In May 2010, the Plaintiff asked to use annual leave to travel to Ghana for the funeral of a relative. *Id.* at ¶ 16. The Plaintiff alleges that Defendant Butler denied the request, commenting that "[y]ou Africans always want to go and stay for a long time and I cannot let you go," and "[h]ow can anybody go to Africa?" *Id.* The Plaintiff generally alleges that Defendant Butler "continual[ly] bad-mouth[ed]" Africans, but does not identify any statements purportedly made by Defendant Butler after May 2010. *Id.* at ¶ 19.

In January 2011, the Plaintiff fell ill, requiring consultation with various physicians and

health care providers. Am. Compl. ¶ 22. The Plaintiff underwent surgery for several medical conditions in May 2011, and did not return to work until May 10, 2011. *Id.* at ¶¶ 24-27. The Plaintiff alleges that since the surgery, he continues to "be under active care of a health care provider" "on a regular basis several times a month." *Id.* at ¶ 28.

According to the Plaintiff, shortly before the surgery he decided to "travel to Ghana for further medical treatment," and "for recuperation." Am. Compl. ¶ 29. Consequently, at some point the Plaintiff contacted the Chief Technological Officer for the District of Columbia in order to determine whether he could arrange to be accessible on his CJCC-issued telephone while in Ghana. *Id.* at ¶ 30. Defendant Butler, upon learning of the Plaintiff's contact with the Chief Technological Officer, allegedly became "visibly angry." *Id.* at ¶ 31. The Plaintiff purportedly responded by explaining he intended on taking FMLA leave to go Ghana, and had previously been instructed that he needed to remain in contact with CJCC even when travelling abroad. *Id.* The following day, Defendant Butler issued a letter of reprimand to the Plaintiff for his inquiry to the Chief Technological Officer. *Id.* at ¶ 32.

On May 10, 2011, the Plaintiff returned to work following his surgery, and for the first time brought eleven and thirteen year-old daughters to work. Am. Compl. ¶ 33. According to the Amended Complaint, "Defendant Butler questioned the Plaintiff about the propriety of bringing his children to work." *Id.* The Plaintiff asserts that at least four other CJCC employees not of African origin previously brought their children to work without incident. *Id.* at ¶ 34. The Plaintiff alleges that on May 12 he met with Defendant Butler to discuss "that other CJCC employees had received their pay increases but that he had not." *Id.* at ¶ 35. The Plaintiff contends that "Defendant Butler stated that she would look into it but she never got back to the Plaintiff regarding the pay increase." *Id.*

The Plaintiff met with Defendant Butler on May 13 and formally requested FMLA leave to travel to Ghana. Am. Compl. ¶ 36. "Defendant Butler did not respond to the statement made by the Plaintiff." *Id.* The Amended Complaint offers no further details regarding this meeting. On May 20, 2011, the Plaintiff again met with Defendant Butler regarding his plan to take FMLA leave in "beginning in mid-June, 2011." *Id.* at ¶ 38. The Plaintiff claims that he asked Defendant Butler "whether there were job assignments she needed completed before he took the leave," but "Defendant Butler again did not respond to the Plaintiff." *Id.*

The Plaintiff prepared a report and presentation for an emergency CJCC meeting on June 2, 2011. Am. Compl. ¶ 39. The Plaintiff alleges that the meeting was "acknowledged as successful by the participants." *Id.* at ¶ 40. The following day, Defendant Butler called the Plaintiff into her office and purportedly told him "[i]t's not working." *Id.* at ¶ 41. Upon inquiry from the Plaintiff, Defendant Butler explained "it's about your performance." *Id.* In response, the Plaintiff purportedly told Defendant Butler that "it was apparent to him that she did not like Africans including himself but she should not let her subjective feelings and prejudices cloud her judgment about his work performance." *Id.* The Plaintiff indicated he would begin his FMLA leave in mid-June and then planned to return to work. *Id.* Defendant Butler allegedly concluded the discussion by saying that the Plaintiff would hear from her on Monday. *Id.* "On Monday, June 6, 2011 at approximately 4:06 p.m., Defendant Butler asked the Plaintiff to come to her office and she terminated him from his employment with CJCC effective June 20, 2011." *Id.* at ¶ 42. The Plaintiff alleges that the person hired to replace him is not Ghanaian or African. *Id.* at ¶ 45.

The Plaintiff filed suit on August 27, 2012, asserting claims for racial discrimination, national origin discrimination, age discrimination, unlawful retaliation, and violations of the

4

FMLA. Compl., ECF No. [1]. After the Defendants moved to dismiss the original Complaint, the Plaintiff sought leave to file the Amended Complaint, which the Court granted. *See* Am. Compl., ECF No. [18]; Unredacted Am. Compl., ECF No. [15]. The Amended Complaint includes five causes of action: unlawful discharge based on the Plaintiff's national origin in violation of Title VII (count one) and the District of Columbia Human Rights Act (count two); unlawful discharge based on the Plaintiff's age in violation of the Age Discrimination in Employment Act (count three) and the District of Columbia Human Rights Act (count four); and interference with and/or retaliation against the Plaintiff's exercise of his rights under the FMLA (count five). The Defendants now move to dismiss all five counts for failure to state a claim. The Plaintiff has elected not to pursue his age discrimination claims, but otherwise opposes the Defendants' motion.[2]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a party may challenge the sufficiency of a complaint on the grounds it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The Court

---

[2] Pl.'s Opp'n at 1 n.1 ("At this time, the Plaintiff has decided to withdraw and not to prosecute the age discrimination claims under Title VII and DCHRA in Counts 3 and 4 respectively.").

may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by [the parties]." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F.Supp.2d 117, 119 (D.D.C. 2011) (citations omitted)

### III. DISCUSSION

*A.     National Origin Discrimination Claims*

Counts one and two of the Amended Complaint allege the Plaintiff was wrongfully terminated on the basis of his national origin, in violation of both Title VII and the District of Columbia Human Rights Act. "The two essential elements of a discrimination claim" under Title VII and the District of Columbia Human Rights Act are that "(i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race, color, religion, sex, [or] national origin." *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008); *Am. Univ. v. D.C. Comm'n on Human Rights*, 598 A.2d 416, 422 (D.C. 1991) ("In deciding cases brought under the Act, we follow the allocations of burdens and order of proof prescribed for cases brought under Title VII of the Civil Rights Act of 1964."). The pleading burden at this stage of the proceedings is not great, and courts in this Circuit have consistently recognized the "ease with which a plaintiff claiming employment discrimination can survive a . . . motion to dismiss." *Rouse v. Berry*, 680 F. Supp. 2d 233, 236 (D.D.C. 2010).

In this case, the Plaintiff has satisfied the pleading standards necessary to state a claim for national origin discrimination. The Plaintiff alleges that prior to his termination, Defendant Butler never complained about the Plaintiff's performance, and just days before his discharge tasked the Plaintiff with preparing an emergency presentation for the CJCC. Am. Compl. ¶ 48. The Amended Complaint identifies specific statements purportedly made by Defendant Butler

reflecting an animus against individuals of African descent, and Defendant Butler hired someone not of African national origin to replace the Plaintiff.  Together, the Court can reasonably infer that the Plaintiff was terminated because of his national origin.  The specific statements in the Amended Complaint attributed to Defendant Butler were made a year before the Plaintiff's termination.  However, allegations that Defendant Butler was generally biased against individuals of African national origin, in combination with no prior complaints regarding the Plaintiff's performance, makes it plausible for the Plaintiff to claim that he was discharged because of his national origin.  Therefore, at this stage, the Court finds the Plaintiff has stated a claim for national origin discrimination under both federal and District of Columbia law.

  B.  *Family and Medical Leave Act Claim*

  Count five of the Amended Complaint alleges that the Defendants interfered with the Plaintiff's attempts to take leave under the FMLA and retaliated against the Plaintiff for attempting to exercise his rights under the statute.  The Family and Medical Leave Acts permits an employee to take up to twelve weeks of leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(1)(D).  The Defendants argue that the Plaintiff fails to plead fact sufficient to satisfy the second requirement for FMLA leave, namely that the Plaintiff was "unable to perform the functions" of his position during the time frame in June 2011 in which he sought to take FMLA leave.

  Pursuant to the Department of Labor's FMLA regulations, "[a]n employee who must be absent from work to receive medical treatment for a serious health condition is considered to be unable to perform the essential functions of the position during the absence for treatment."  29 C.F.R. § 825.123(a).  "Importantly, § 825.123 uses the word 'must' to imply that the employee's

absence is necessary for that employee's treatment. Alternatively, an absence for unnecessary treatment or no treatment at all means that the employee is not sufficiently incapacitated so as to render her unable to perform her duties." *Jones v. C & D Techs., Inc.*, 684 F.3d 673, 677 (7th Cir. 2012); *see also id.* at 678-79 (employing the definition of "treatment" in 29 C.F.R. § 825.113(c) to define the scope of § 825.123). Thus, in order for the Plaintiff to state a claim for violation of the FMLA in connection with his request for leave in June 2011, the Plaintiff must show the treatment he planned to receive in Ghana was "necessary."

Curiously, the Plaintiff quotes 29 C.F.R. § 825.123(c), yet makes no attempt to show the allegations in the Amended Complaint satisfy this standard. Pl.'s Opp'n at 4-5. In fact, the Plaintiff admits that his prior surgeries and time off were not covered by the FMLA in light of this definition. *Id.* at 5. The Amended Complaint offers no details regarding what treatment, if any, the Plaintiff intended to receive in Ghana, nor does the Plaintiff allege the treatment was necessary. Absent such allegations, the Plaintiff has not made a plausible showing that he was entitled to take FMLA leave for his trip to Ghana. *Cf. Jones*, 684 F.3d at 679 (finding time taken to refill a prescription was not "treatment" and thus not eligible for FMLA leave). On this record, the Court cannot reasonably infer the Defendants interfered with the Plaintiff's exercise of his rights under the FMLA or retaliated against the Plaintiff for attempting to do so. Therefore, the Court shall dismiss count five of the Amended Complaint without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court finds the Amended Complaint states a claim for national origin discrimination under federal and District of Columbia law, but fails to state a claim for a violation of the Family and Medical Leave Act. The Plaintiff alleges with specific examples that Defendant Butler was biased against individuals of African national origin, and

did not express any concerns regarding the Plaintiff's job performance until his termination, which is sufficient at this stage to state a plausible claim for relief. However, the Plaintiff fails to allege that the treatment he intended to seek while on leave was necessary to treat a serious medical condition as required to be eligible for leave under the FMLA. Absent such allegations, there is no reasonable inference that the Plaintiff attempted to take or was retaliated against for attempting to take leave under the FMLA. Therefore, the Defendants' [19] Motion to Dismiss the Amended Complaint is GRANTED IN PART and DENIED IN PART. Counts three and four, which the Plaintiff is not pursuing, are DISMISSED WITHOUT PREJUDICE, and count five is DISMISSED WITHOUT PREJUDICE for failure to state a claim.

An appropriate Order accompanies this Memorandum Opinion.

                                                     /s/
                                        **COLLEEN KOLLAR-KOTELLY**
                                        UNITED STATES DISTRICT JUDGE