UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KWAKU ATTAKORA,

  Plaintiff,

    v.

DISTRICT OF COLUMBIA, *et al.*,

  Defendants.

Civil Action No. 12-1413 (CKK)

**MEMORANDUM OPINION**
(December 5, 2013)

Plaintiff Kwaku Attakora filed suit against Defendants the District of Columbia and Mannone A. Butler alleging the Defendants wrongfully terminated the Plaintiff's employment with the District on the basis of his national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the District of Columbia Human Rights Act, D.C. Code § 2-1403.01 *et seq.* The Plaintiff further alleges that the Defendants interfered with and/or retaliated against the Plaintiff's exercise of his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.*[1] The Court granted in part the Defendant District of Columbia's motion to dismiss the Plaintiff's Amended Complaint, and dismissed the Plaintiff's FMLA claim without prejudice. Presently before the Court is the Plaintiff's [47] Motion for Entry of Default against Defendant Mannone A. Butler on the basis that Defendant Butler failed to answer or otherwise respond to the Plaintiff's summons and complaint within 21 days of being served. Defendant District of Columbia filed an opposition to this motion arguing

---

[1] In response to the Defendants' motion to dismiss, the Plaintiff withdrew Counts Three and Four of the Amended Complaint, alleging unlawful discrimination based on the Plaintiff's age.

that Defendant Butler was never properly served in this case. Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court finds that Defendant Butler was never properly served and never conceded service in this case. Accordingly, the Plaintiff's Motion for Entry of Default is DENIED.

## I. BACKGROUND

The Plaintiff filed a Complaint in this case on August 27, 2012, against the District of Columbia and Mannone A. Butler "in her individual capacity and as an agent or officer of defendant District of Columbia." *See* Complaint, ECF No. [1], at ¶ 9. On October 24, 2012, the Plaintiff filed a Return of Service/Affidavit in which the process server averred that he served the summons and complaint against Defendant Butler "on Tamekia McMahon on October 24, 2012 at 12:30 P.M. and Ms. McMahon stated that she was authorized by Ms. Butler to accept it." *See* ECF No. [5].

On November 14, 2012, and November 30, 2012, the District of Columbia Attorney General's office filed Motions for Enlargement of Time to File an Answer or Otherwise Respond to Plaintiff's Complaint on behalf of Defendants District of Columbia and Defendant Butler, which were silent as to the issue of service. *See* ECF Nos, [7], [8]. Thereafter, on December 7, 2012, Defendant District of Columbia, on its own behalf, filed a Motion to Dismiss for failure to state a claim on which relief can be granted. *See* ECF No. [9]. In the District of Columbia's Motion to Dismiss, the District included a footnote stating:

> Plaintiff has named both the District and the Director of the Council, Mannone Butler, as defendants in this case. According to the proof of service filed by plaintiff [Doc. 5] Ms. Butler was served by leaving a copy of the summons and complaint with Tameka McMahon "who stated she was authorized by Ms. Butler to accept it." *In fact, Ms. McMahon was not authorized to accept service on*

---
[2] Pl.'s Mot., ECF No. [47]; Defs.' Opp'n, ECF No. [49]; Pl.'s Reply, ECF No. [50].

> *Director Butler's behalf. Because the arguments in this motion apply with equal force to Director Butler, she is not contesting service at this time.* (emphasis added).

Shortly thereafter, the Plaintiff filed a Motion for Leave to File an Amended Complaint, which the Court granted rendering the District of Columbia's Motion to Dismiss moot. On January 22, 2013, the District of Columbia filed a Motion to Dismiss the Amended Complaint including, once again, the above-quoted footnote. *See* ECF No. [19]. The Court granted in part and denied in part the District of Columbia's Motion to Dismiss. Subsequently, on July 22, 2013, the District of Columbia, on its behalf only, filed an Answer to the Plaintiff's Amended Complaint. *See* ECF No. [37].

On September 10, 2013, the Plaintiff filed a Motion for Additional Time to Serve Defendant Mannone A. Butler because the proof of service incorrectly stated the date of service and the Plaintiff understood that Defendant Butler was claiming that she was not properly served with the summons and complaint. *See* ECF No. [44]. The Plaintiff did not concede, however, that Defendant Butler was improperly served. The Court denied the Plaintiff's Motion on the basis that the Plaintiff was aware as early as December 7, 2012, that the District of Columbia believed Defendant Butler had not been properly served, yet did not seek to extend the time in which to serve Defendant Butler until eight months after the deadline for service had elapsed. Subsequently, the Plaintiff filed the present Motion for Entry of Default against Defendant Mannone A. Butler alleging that Defendant Butler had been properly served but did not file an answer or otherwise respond to the Plaintiff's Complaint within 21 days of service. *See* Pl.'s Mot., ECF No. [47], at 1-2. The Plaintiff also effectively argues that Defendant Butler conceded service because the District of Columbia, in its Motions for Extension of Time, represented to the Court that the District of Columbia Office of Attorney General was acting on behalf of both

Defendants and did not contest the service on Defendant Butler in its Motions to Dismiss it filed on its own behalf. Pl.'s Reply, ECF No. [50], at 2-3. The District of Columbia responds that Defendant Butler was not properly served because Ms. McMahon was not authorized to accept service on her behalf and thus an entry of default is inappropriate. *See* Def.'s Opp'n, ECF No. [49], at 3.

## II. DISCUSSION

The Court rejects the Plaintiff's argument that Defendant Butler was properly served as well as the Plaintiff's argument that Defendant Butler conceded service. The Plaintiff claims to have properly served Defendant Butler when the process server gave the summons and complaint to Ms. McMahon, an employee at Defendant Butler's place of employment, who, the Plaintiff alleges, stated that she was authorized to accept the summons and complaint on Defendant Butler's behalf. "'[C]laims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough' to satisfy the service requirements of Rule 4(e)(2); 'there must be evidence that the defendant[s] intended to confer that authority upon the agent.'" *Fenwick v. United States*, 691 F. Supp. 2d 108, 113 (D.D.C. 2010) (quoting 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1097 (3d ed. 2002)); *see also Schwarz v. Thomas,* 222 F.2d 305, 308 (D.C.Cir. 1955) (statements of alleged agent are not sufficient evidence of authority to accept process). Even if Ms. McMahon did, as the process server alleges, claim to be authorized to receive process for Defendant Butler, the Plaintiff has produced no evidence demonstrating any intent on the part of Defendant Butler to authorize Ms. McMahon to receive service on her behalf. *See id.* Ms. McMahon and Defendant Butler both submitted sworn affidavits clearly stating that Defendant Butler "did not authorize Ms. McMahon to accept service on [her] behalf." *See* Butler Decl., ECF No. [49-2], ¶ 6, 7;

McMahon Decl., ECF No. [49-1], ¶ 8. The Plaintiff has presented no evidence controverting these sworn statements. Consequently, the Plaintiff has not established that Defendant Butler was properly served. *See Chen v. District of Columbia*, 256 F.R.D 263, 266 (D.D.C. 2009) ("The law is clear that the party on whose behalf service is made has the burden of establishing its validity when challenged.") (citations omitted).

Furthermore, the Court is not persuaded by the Plaintiff's apparent argument that Defendant Butler conceded service. The fact that the District of Columbia filed two motions on behalf of Defendant Butler for extensions of time to respond to the Plaintiff's Complaint is inapposite. First, the two motions make no mention of service of process on Defendant Butler. Filing a motion for extension of time to respond to a Complaint does not inherently concede service since a proper response to a Complaint includes filing a Motion to Dismiss for failure to properly serve. Moreover, Defendant Butler was sued in her individual capacity as well as her official capacity. Until Defendant Butler has been personally served and requests the District of Columbia to represent her, the District of Columbia does not have the right to speak on her behalf. Furthermore, in the District of Columbia's Motions to Dismiss, the District made clear in the footnote that Defendant Butler had not been properly served. The fact that Defendant Butler was not contesting service at that time because the arguments made in the motion applied with equal force to her defense does not amount to a concession of service. Consistent with this conclusion that Defendant Butler did not concede service, the District of Columbia's eventual Answer to the Complaint was filed on its behalf only.

A Court may enter a default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). As the Plaintiff has failed to show that Defendant Butler was properly served or conceded service, Defendant

Butler had no obligation to file an Answer or otherwise respond to the Plaintiff's Complaint. *See* Fed. R. Civ. P 12(a)(1)(A) (a defendant must serve a responsive pleading within 21 days of being served with the summons and complaint). Accordingly, the Court cannot enter a default against Defendant Butler. S*ee Carvajal v. Drug Enforcement Agency*, 246 F.R.D. 374, 376 (D.D.C. 2007) (denying the plaintiff's motion for default judgment on the basis that the plaintiff failed to effect service of the defendant within the 120 day deadline); *cf. Koerner v. United States*, 246 F.R.D. 45, 47 (D.D.C. 2007) (finding good cause to vacate the entry of default because the Plaintiff erred in effecting service on the Government and the Government thus had no obligation to file an Answer); *Baade v. Price*, 175 F.R.D. 403, 406 (D.D.C. 1997) (setting aside Clerk's entry of default where defendant was not properly served).

### III.  CONCLUSION

For the reasons stated, the Court DENIES the Plaintiff's [47] Motion for Entry of Default as Defendant Butler was not properly served and thus had no obligation to file an Answer to the Plaintiff's Complaint. The Court further notes that the Plaintiff asked for an extension of time to serve Defendant Butler on September 11, 2013, but the Court denied the request as eight months had already passed since the Plaintiff should have served Defendant Butler and a discovery scheduled had already been established by the Court. As the Court now finds that Defendant Butler was not properly served and no default should be entered, it would appear that Defendant Butler is not a proper party to this lawsuit going forward. An appropriate motion should be filed to this effect.

An appropriate Order accompanies this Memorandum Opinion.

                                         */s/*
                                         **COLLEEN KOLLAR-KOTELLY**
                                         UNITED STATES DISTRICT JUDGE