UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KWAKU ATTAKORA,

   Plaintiff,

      v.

DISTRICT OF COLUMBIA,

   Defendant.

Civil No. 12-1413 (CKK)

MEMORANDUM OPINION
(February 27, 2015)

Plaintiff Kwaku Attakora filed suit against Defendants the District of Columbia and Mannone A. Butler alleging that the Defendants wrongfully terminated Plaintiff's employment with the District of Columbia on the basis of his national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1403.01 *et seq.* Plaintiff further alleges that the Defendants interfered with and/or retaliated against Plaintiff's exercise of his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*[1] The Court granted in part Defendant District of Columbia's motion to dismiss Plaintiff's Amended Complaint, and dismissed Plaintiff's FMLA claim without prejudice. Mem. Op. (May 8, 2013), ECF No. [28]. The Court subsequently dismissed Defendant Butler from this suit after determining that Plaintiff failed to ever properly serve Defendant Butler. Mem. Op (Dec. 5, 2013), ECF No. [52], at 6; Minute Order (May 8, 2014). Accordingly, the only claims remaining before the Court are

---

[1] In response to the Defendants' motion to dismiss, the Plaintiff withdrew Counts Three and Four of the Amended Complaint, alleging unlawful discrimination based on the Plaintiff's age.

Plaintiff's claims against the District of Columbia that he was discriminated against because of his national origin in violation of Title VII and the DCHRA.  Presently before the Court is Defendant's Motion for Summary Judgment and Plaintiff's Unopposed Motion for Leave to File Sur-Reply.[2]  As Plaintiff's Motion for Leave to File Sur-Reply is unopposed, the Court shall GRANT Plaintiff's Motion and consider Plaintiff's sur-reply amongst the pleadings filed in this case.  Upon consideration of the pleadings,[3] the relevant legal authorities, and the record as a whole, the Court DENIES Defendant's Motion for Summary Judgment for the reasons stated below.

## I. DISCUSSION

Plaintiff is an African-American male of Ghanaian descent.  Def.'s Stmt. ¶ 1.  Beginning in April 2008, Plaintiff worked as a Senior Statistician for the District of Columbia Criminal Justice Coordinating Council ("CJCC").  *Id.* ¶¶ 2-3.  Mannone Butler was appointed the interim Executive Director of CJCC for three to four months in 2010 and again at the beginning of 2011 before being appointed CJCC's Executive Director in May 2011.  *Id.* ¶ 4; Pl.'s Stmt. ¶¶ 8, 14, 21.  On June 6, 2011, Plaintiff was called into Butler's office where Michael Scott from the District of Columbia Human Resources Department "formally terminated him."  Pl.'s Stmt. ¶ 24.  The

---

[2] ECF No. [69].

[3] Defendant's Motion for Summary Judgment ("Def.'s Mot."), ECF No. [63]; Defendant's Statement of Material Facts Not in Dispute ("Def.'s Stmt."), ECF No. [63-2]; Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Pl.'s Opp'n"), ECF No. [67]; Plaintiff's Statement of Facts ("Pl.'s Stmt."), ECF No. [67], at 3-17; Plaintiff's Response to Defendant's Statement of Facts ("Pl.'s Resp. Stmt."), ECF No. [67-1]; Defendant's Reply to Plaintiff's Opposition to its Motion for Summary Judgment ("Def.'s Reply"), ECF No. [68]; Defendant's Response to Plaintiff's Statement of Facts ("Def.'s Resp. Stmt."), ECF No. [68-1]; Plaintiff's Sur-Reply in Opposition to Defendant's Motion for Summary Judgment ("Pl.'s Sur-Reply"), ECF No. [69-1].

parties do not dispute that Butler was the "sole decision maker in the termination of [Plaintiff]." Pl.'s Stmt. ¶ 27; Def.'s Stmt. ¶ 5; Def.'s Resp. Stmt. ¶ 27.

Defendant offers the following reason for Plaintiff's termination:

> Plaintiff was terminated due to changes in the CJCC's operational needs and Plaintiff's inability to perform according to the needs of the agency. These needs had changed from the time of Plaintiff's initial employment in 2009. Plaintiff's reliance on the guidance and expertise of the Executive Director of the CJCC and CJCC staff to perform his job functions undermined his effectiveness and usefulness to the agency. In particular, Plaintiff did not: 1) possess subject matter experience in the area of criminal and juvenile justice; 2) identify statistical or research analyses to address the broad range of challenges faced by the District's criminal and juvenile justice system; 3) independently provide relevant innovative research recommendations to CJCC's Executive Director; and 4) possess the ability to authoritatively present or explain research findings and recommendations.

Def.'s Resp. to Interrog. 5, Def.'s Ex. D, ECF No. [63-6]; *see also* Def.'s Stmt. ¶¶ 6-7.

Plaintiff seeks to rebut Defendant's alleged non-discriminatory reason for terminating Plaintiff with three categories of evidence. First, Plaintiff points to evidence of "derogatory slurs" made by Butler against Africans and other actions and inactions taken by Butler that Plaintiff alleges reveal her discriminatory bias. Second, Plaintiff proffers evidence of Butler's allegedly longstanding degrading and disparate treatment of Plaintiff. Third, Plaintiff points to evidence that Defendant's proffered non-discriminatory reason for terminating Plaintiff is a "subjective, manufactured and post hoc rationale." Pl.'s Opp'n at 3.

Plaintiff does not offer any direct evidence of discrimination, only circumstantial, and none of the evidence to which Plaintiff points stands out as clearly discriminatory. Nevertheless, after thoroughly reviewing the evidence presented by both parties, the Court cannot find that Defendant is entitled to judgment as a matter of law, especially since the evidence presented at the summary judgment stage must be analyzed in the light most favorable to the non-movant,

with all justifiable inferences drawn in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). The district court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to [the trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.  In their pleadings and the deposition testimony and responses to interrogatories attached to their pleadings, both parties provide very little detail to support their assertions that Defendant was motivated by either discriminatory or non-discriminatory reasons in terminating Plaintiff.  The parties also do not respond to many of the arguments and evidence raised by their opposing counsel.  As a result, the Court is unable to come to any conclusions about why certain actions were taken or not taken by Defendants. Reviewing the evidence in the light most favorable to Plaintiff, the Court finds that this is a close case and that reasonable triers of fact could draw "divergent yet justifiable inferences" from the evidence provided. *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009) ("If material facts are at issue, or, though undisputed, are susceptible to divergent inferences, summary judgment is not available." (citation omitted)).  Moreover, many of the inferences the parties ask the Court to draw from the evidence in the record are dependent upon credibility determinations that are the function of a jury, not a judge deciding a motion for summary judgment. *Liberty Lobby,* 477 U.S. at 255.  Accordingly, the Court finds it most appropriate to allow a jury to determine whether Defendant's proffered nondiscriminatory reason for Plaintiff's termination is pretext for national origin discrimination. *See Aka v. Washington Hosp. Ctr.*, 116 F.3d 876, 880 (D.C. Cir. 1997) (internal quotations omitted), *overturned on other grounds*, 156 F.3d 1284 (D.C. Cir. 1998) (en banc) ("[i]n discrimination cases summary judgment must be approached with special caution" and be reviewed under a "heightened standard").

## II. CONCLUSION

For the reasons stated, the Court DENIES Defendant's Motion for Summary Judgment. An appropriate Order accompanies this Memorandum Opinion.

 _/s/_
 **COLLEEN KOLLAR-KOTELLY**
 UNITED STATES DISTRICT JUDGE