UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KWAKU ATTAKORA,
   Plaintiff,

v.

DISTRICT OF COLUMBIA,
   Defendant.

Civil Action No. 12-1413 (CKK)

**MEMORANDUM OPINION and ORDER**
(November 20, 2015)

On November 13, 2015, the Court held the first Pretrial Conference in this case and issued oral rulings on the objections related to witnesses, exhibits, and deposition designations as set forth in the parties' [82] Joint Pretrial Statement and Plaintiff's [83] Errata thereto. The Court hereby INCORPORATES the oral rulings made on the record at the Pretrial Conference on November 13, 2015, and now issues this Memorandum Opinion and Order memorializing those rulings.[1]

The parties raise several objections to witnesses, exhibits, and deposition designations on the basis that the evidence at issue is not relevant. The Federal Rules of Evidence generally permit the admission of "relevant evidence"— *i.e.*, evidence having "any tendency" to make the existence of any fact of consequence more probable or less probable — provided it is not otherwise excluded by the Rules, the Constitution, or an Act of Congress, and its probative value is not "substantially outweighed" by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or the needless

---

[1] While the Court bases its decision on the record as a whole, its consideration has focused on the arguments made during the Pretrial Conference and on the following documents: Jt. Pretrial Stmt., ECF No. [82]; Pl.'s Errata to Jt. Pretrial Stmt., ECF No. [83]; Def.'s Resp. to Ct. Order, ECF No. [85]; Pl.'s Resp. in Compliance with Ct. Order Dated Oct. 26, 2015 ("Pl.'s Resp. to Ct. Order Dated Oct. 26, 2015"), ECF No [86]; Pl.'s Errata to Pl.'s Resp. to Ct. Order Dated Oct. 26, 2015, ECF No. [88]; Pl.'s Resp. in Compl. with Ct. Order Dated Nov. 9, 2015 ("Pl.'s Resp. to Ct. Order Dated Nov. 9, 2015"), ECF No. [91]; Pl.'s Errata to Pl.'s Resp. to Ct. Order Dated Nov. 9, 2015, ECF No. [92].

presentation of cumulative evidence. Fed. R. Evid. 401-403. In deference to their familiarity with the details of the case and greater experience in evidentiary matters, district courts are afforded broad discretion in rendering evidentiary rulings, a discretion which extends to assessing the probative value of the proffered evidence and weighing any factors against admissibility. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). With these principles in mind, the Court turns to the specific objections raised by the parties in their Joint Pretrial Statement and discussed on the record during the Pretrial Conference.

**WITNESSES**

Defendant raises certain objections to Plaintiff's witnesses. The Court shall address each objection in turn.

Nancy Ware. Plaintiff seeks to present testimony from Nancy Ware, who was the Executive Director of the District of Columbia's Criminal Justice Coordinating Committee ("CJCC") when Plaintiff was hired and evaluated Plaintiff while serving in that capacity. Defendant objects to the presentation of testimony from this witness as not relevant. The Court shall permit Plaintiff to present testimony from Ms. Ware focused on Ms. Ware's impressions of Plaintiff's perceived shortcomings that Mannone Butler specified as the bases for Plaintiff's termination.

Paul Quander. Plaintiff seeks to present testimony from Paul Quander, who was the Executive Director of CJCC after Ms. Ware and was CJCC's co-chair through Plaintiff's termination. Defendant objects to the presentation of testimony from this witness as not relevant. The Court shall permit Plaintiff to present testimony from Mr. Quander focused on Mr. Quander's impressions of Plaintiff's perceived shortcomings that Ms. Butler specified as the bases for Plaintiff's termination.

Diana Calderon. The Court notes that Defendant originally objected to Plaintiff listing Diana Calderon as a witness but has since withdrawn that objection. *See* Def.'s Resp. to Ct. Order, ECF No. [85].

**EXHIBITS**

Each party raises objections to the opposing party's exhibits. The Court shall first address Defendant's objections to Plaintiff's exhibits and then shall address Plaintiff's objections to Defendant's exhibits.

<u>Plaintiff's Proposed Exhibits.</u>

- *Plaintiff's Exhibits 1, 2.*  Defendant objects to the introduction of Plaintiff's Exhibits 1 and 2 (two CJCC staff pictures) as not relevant. Based on the discussion on the record, the Court finds the exhibits are relevant based on the Plaintiff's cited reason for introducing the exhibits, namely demonstrating that CJCC was not a diverse workplace with respect to national origin.  Moreover, Defendant indicated on the record that the admission of these exhibits would not be prejudicial to Defendant.

- *Plaintiff's Exhibits 3, 4, 6-12*.  Defendant objects to the introduction of Plaintiff's Exhibit 3 (E-mails dated Jun. 3, 2011 between Plaintiff and Ms. Butler), 4 (Ms. Butler's letter dated Jan. 17, 2012, to Carol Allen of the Equal Employment Opportunity Commission), 6 (Ms. Ware's May 2009 evaluation of Plaintiff), 7 (May, 2010 Performance Plan), 8 (E-mails regarding Plaintiff's work performance), 9 (E-mails dated Apr. 5, 2010 between Plaintiff and Ms. Butler), 10 (Memorandum dated Apr. 14, 2011 re: written warning), 11 (E-mail dated Feb. 3, 2010 re: writing sample of Mr. Ndapu), and 12 (E-mails related to continuing professional education/conferences for Plaintiff) on the basis that the exhibits contain hearsay. The Court finds that Plaintiff may introduce the exhibits at issue if he lays the proper foundation for their admission under the business records exception pursuant to Federal Rule of Evidence 803(6) or under some other exception to the hearsay rule.  The Court notes that some of the exhibits (3, 8, 9, 11, 12) include e-mail correspondence and, as such, a foundation for an exception to hearsay must be set forth for each e-mail contained within the chain of e-mails. Moreover, the Court notes that the parties should pay particular attention to the requirements for admitting an e-mail into evidence under the business records exception to the hearsay rule.

- *Plaintiff's Exhibit 11.* Defendant also objects to the introduction of Exhibit 11 (E-mail dated Feb. 3, 2010 re: writing sample of Mr. Ndapu) on the basis that it is not relevant. The exhibit at issue is an e-mail forwarding the writing sample of a job candidate from Plaintiff to Ms. Butler. The Court shall reserve its ruling on this exhibit until after it determines whether Mr. Butler gives any conflicting testimony at trial as to whether she received the e-mail at issue. To the extent that there is no dispute regarding Ms. Butler's receipt of the e-mail, the Court finds that the e-mail itself, which does not include a copy of the attached writing sample, is not relevant.

- *Plaintiff's Exhibit 14.* Defendant objects to introduction of Plaintiff's Exhibit 14 (MedStar Washington Hospital Center records dated Aug. 7, 2012) as not relevant. The Court shall permit Plaintiff to submit a further explanation as to how the medical records filed under seal as Exhibit 14 pertain to the issue of damages. The parties are directed to adhere to the following briefing schedule. Plaintiff shall file his explanation as to the relevancy of this exhibit, if any, by no later than **December 1, 2015**; Defendant shall file its response, if any, by no later than **December 8, 2015**; and Plaintiff shall file his reply, if any, by no later than **December 15, 2015**.

Defendant's Proposed Exhibits.

- *Defendant's Exhibit 1.* Plaintiff objects to Defendant's Exhibit 1 (E-mail dated Apr. 5, 2010 between Plaintiff and Ms. Butler) as not relevant. Plaintiff through his own exhibit (Plaintiff's Exhibit 9) seeks to introduce an e-mail from Plaintiff to Ms. Butler requesting leave to travel to Africa for his uncle's funeral. Here, Defendant seeks to introduce Ms. Butler's response to that e-mail. The Court finds that both Plaintiff's e-mail and Ms. Butler's e-mail response are relevant because they are related to one of the incidents that Plaintiff asserts demonstrates Ms. Butler's discriminatory animus.

- *Defendant's Exhibit 5.* Plaintiff objects to Defendant's Exhibit 5 (Application package for Sean Goliday for statistician position) as not relevant. At the pretrial conference, the parties agreed that at this time, neither party seeks to admit

evidence to the jury regarding Sean Goliday, the person whom Plaintiff contends was hired as his successor. Plaintiff agreed that he would not argue that there is an inference of discriminatory animus because Defendant did not hire another person of African national origin. As such, the Court concludes at this time that Defendant's Exhibit 5 is not relevant. However, the Court shall revisit this holding if testimony or other evidence relating to CJCC's hiring of Mr. Goliday is presented at trial.

- *Defendant's Exhibits 4, 6-31.* Plaintiff generally objects to a host of Defendant's exhibits, alleging that Defendant's legitimate, non-discriminatory reasons are subjective, false, manufactured, fact-free, inconsistent, shifting and post hoc rationale and are otherwise in of themselves discriminatory and/or pretext for discrimination. At the pretrial hearing, Plaintiff indicated that he raised this generalized objection to these exhibits on the basis that their admission into evidence would only be permissible if Defendant laid the proper foundation for same. As with Plaintiff's Exhibits to which Defendant objected, Defendant must lay a proper foundation, including that related to any applicable exception to the hearsay rule, in order to admit these exhibits.

## DEPOSITION DESIGNATIONS

Each party raises objections to the opposing party's deposition designations. The Court shall first address Defendant's objections to Plaintiff's deposition designations and then shall address Plaintiff's objections to Defendant's deposition designations.

Plaintiff's Deposition Designations.

- *Deposition of Mannone Butler.* Plaintiff seeks to admit certain portions of the videotaped deposition of Ms. Butler pursuant to Federal Rule of Civil Procedure 32(a)(3). As an initial matter, Plaintiff is instructed to isolate the portions of the video that he seeks to introduce and that the Court has not ruled inadmissible. The portions of the video should be edited to remove any objections made on the record during the deposition. Plaintiff shall provide a copy of the isolated, edited

portions of the deposition video that he seeks to introduce at trial to Defendant by no later than **January 18, 2016**.

Turning to Defendant's specific objections, the Court first notes that portions of Ms. Butler's deposition sought to be admitted by Plaintiff are not hearsay because they constitute admissions of a party opponent pursuant to Federal Rule of Evidence 801(d)(2)(A).  However, as discussed at the hearing, much of the designated portions of Ms. Butler's deposition testimony are likely to be duplicative of the witness's live trial testimony.  Indeed, both parties have listed Ms. Butler as a witness. Specifically, the Court finds these deposition designations cover testimony that is relevant to Plaintiff's claim.  However, the deposition designations also cover what is likely to be trial testimony.  As such, the Court shall reserve its ruling on the admissibility of the designated portions of the testimony until it is known whether the deposition testimony conflicts with Ms. Butler's trial testimony.  To the extent that the deposition testimony and the trial testimony are consistent, the deposition testimony will likely be deemed duplicative.  However, if there is a conflict between Ms. Butler's testimony at trial and at the deposition, the deposition testimony is likely admissible both for impeachment purposes and for substantive purposes.  Accordingly, to the extent that there is conflicting testimony presented at trial, the Court shall consider the admission of the following deposition designations:[2]

- o   Tr. 140:10—141:6:  In this section, Plaintiff questioned Ms. Butler regarding Plaintiff's leave records related to Plaintiff's request for time off to travel to Ghana for his uncle's funeral.
- o   Tr. 11:4—27:16:  This portion of the deposition covers Ms. Butler's educational background and her work history, including her time as the interim director at the CJCC.

---

[2] The Court bases these rulings on the assumption that Ms. Butler appears and testifies during the trial.

- o  Tr. 63:4-16:  In this portion of the deposition, Plaintiff questions Ms. Butler regarding any attempts that she made to remedy her concerns about Plaintiff's perceived shortcomings that Defendant asserts formed the basis for Plaintiff's termination.
- o  Tr. 64:14—108:14 (*see* below regarding Tr. 88:2—92:13): In this section, Plaintiff seeks for Ms. Butler to expound on some of her stated reasons for terminating Plaintiff.
    - Tr. 64:14—68:18:  In this portion of the deposition, Ms. Butler is asked about whether she attempted to identify training opportunities for Plaintiff.
    - Tr. 72:15—73:12:  Here, Ms. Butler is asked about her knowledge of Ms. Ware's assessment of Plaintiff's job performance.
    - Tr. 87:8—88:1: In this portion of the deposition, Ms. Butler is questioned about her indication that "Plaintiff did not independently provide relevant innovative research recommendations to CJCC's executive director."
- o  Tr. 159:1—182:14: This portion of the deposition covers Ms. Butler's decision to terminate Plaintiff and conversations she had related to this decision.
    - Tr. 166:12—182:14:  Here, Ms. Butler's testimony related to the general policy for employees bringing children to the office and a specific instance in which Plaintiff brought his children to the office.
- o  Tr. 128:11—135:21:  In this section, Ms. Butler is questioned about an exhibit concerning the diversity of the CJCC staff and specifically about a person who was a contract employee and also of Ethiopian national origin.

Defendant raises two additional objections to deposition designations which the Court sustains as follows:

- - o Tr. 4:1—8:13: This portion of the deposition simply includes opening questions and instructions. The Court finds that this testimony is not relevant as it does not contain any substantive information related to any claim or defense.
    - o Tr. 88:2—92:13: The testimony at issue in this portion of Ms. Butler's deposition addresses Ms. Butler's response to Plaintiff's EEOC complaint. At the pretrial hearing, the parties agreed that this portion of Ms. Butler's deposition should be excluded because the parties do not otherwise plan to present evidence related to the EEOC complaint, and because such evidence could lead to some confusion for the jury. As such, the Court finds that this portion of the deposition shall be excluded as not relevant. The Court shall revisit this ruling if there is testimony or other evidence related to Plaintiff's EEOC complaint presented at trial.

- *Deposition of Plaintiff.* Plaintiff seeks to admit his entire deposition to which Defendant objects on the basis that the deposition is hearsay. The Court finds this portion of the deposition inadmissible as it is hearsay and Plaintiff has not advanced an exception to the general rule barring hearsay that would allow him to admit his own deposition testimony during his case-in-chief.

Defendant's Deposition Designations.

- *Deposition of Plaintiff.* Defendant seeks to admit certain portions of Plaintiff's deposition as an admission of a party opponent pursuant to Federal Rule of Evidence 801(d)(2)(A), to which Plaintiff objected. In sum, the Court deems these deposition designations admissible as admissions of a party opponent and otherwise relevant:
    - o Tr. 22:6—23:19: In this portion of the deposition, Plaintiff discusses his job duties as Chief Statistician while employed at the CJCC.
    - o Tr. 30:17—33:19: Here, Plaintiff describes certain comments that Ms. Butler made to him.

- o Tr. 42:13-18: During this exchange, Plaintiff discusses his interactions with Ms. Butler after Mr. Quander became CJCC's Director.
- o Tr. 48:10-15: In this section, Plaintiff describes a conversation that he had with Ms. Butler after he sought to unlock his cell phone during international travel.

**PRETRIAL CONFERENCE AND TRIAL DATES**

This matter is set for a second Pretrial Conference on **January 19, 2016, at 1:30 p.m. in Courtroom 28A**, to discuss voir dire, jury instructions, the verdict form, and any other pending matters. This matter also is set for a Jury Trial from **January 26, 2016, through February 1, 2016, commencing each day at 9:00 a.m. in Courtroom 28A**.

Accordingly, it is this 20th day of November, 2015, hereby

**ORDERED** that Plaintiff may present testimony from witnesses Nancy Ware and Paul Quander focused on the witnesses' individual impressions of Plaintiff's perceived shortcomings that Ms. Butler specified as the bases for Plaintiff's termination; it is further

**ORDERED** that with respect to Defendant's objections to Plaintiff's Exhibits:

- Plaintiff's Exhibits 1 and 2 are relevant to Plaintiff's claim;
- Plaintiff's Exhibits 3, 4, 6-10, and 12 may be introduced as long as Plaintiff lays the proper foundation for their admission under the business records exception pursuant to Federal Rule of Evidence 803(6) or some other applicable exception to the hearsay rule;
- Plaintiff's Exhibit 11 is inadmissible on the basis that it is not relevant;
- The Court shall permit Plaintiff to provide further explanation as to the relevancy of Plaintiff's Exhibit 14. Plaintiff shall file his further explanation, if any, by no later than **December 1, 2015**; Defendant shall file its response, if any, by no later than **December 8, 2015**; and Plaintiff shall file his reply, if any, by no later than **December 15, 2015**; it is further

**ORDERED** that with respect to Plaintiff's objections to Defendant's Exhibits:

- Defendant's Exhibit 1 is relevant to Defendant's defense;

- Defendant's Exhibit 5 is inadmissible on the basis that it is not relevant;
- Defendant's Exhibits 4 and 6-31 may be introduced as long as Defendant lays the proper foundation for their admission, including any foundation required to meet an applicable exception to the hearsay rule; it is further

**ORDERED** that Plaintiff shall provide a copy of the edited portions of Mannone Butler's deposition video, with all objections removed, that he seeks to introduce at trial to Defendant by no later than **January 18, 2016**; it is further

**ORDERED** that with respect to Defendant's objections to Plaintiff's designations of Ms. Butler's deposition:

- The Court shall consider the admission of following portions of Ms. Butler's deposition testimony if it conflicts with her testimony at trial:
    - Tr. 140:10—141:6.
    - Tr. 11:4—27:16.
    - Tr. 63:4-16.
    - Tr. 64:14—108:14.
        - Tr. 64:14—68:18.
        - Tr. 72:15—73:12.
        - Tr. 87:8—88:1.
    - Tr. 159:1—182:14.
        - Tr. 166:12—182:14.
    - Tr. 128:11—135:21.
- The Court shall exclude the following portions of Ms. Butler's deposition as not relevant:
    - Tr. 4:1—8:13.
    - Tr. 88:2—92:13.

**ORDERED** that with respect to Defendant's objections to Plaintiff's designation of his own deposition, that Plaintiff's deposition as introduced by Plaintiff is inadmissible as hearsay; it is further

**ORDERED** that with respect to Plaintiff's objections to Defendant's designations of Plaintiff's deposition, the Court finds that the following deposition designations are admissible

as admissions of a party opponent pursuant to Federal Rule of Evidence 801(d)(2)(A) and otherwise relevant to Defendant's defense:

- Tr. 22:6—23:19.
- Tr. 30:17—33:19.
- Tr. 42:13-18.
- Tr. 48:10-15.

**ORDERED** that this matter is set for a second Pretrial Conference on **January 19, 2016, at 1:30 p.m. in Courtroom 28A**, to discuss voir dire, jury instructions, the verdict form, and any other pending matters; and it is further

**ORDERED** that this matter is set for a Jury Trial from **January 26, 2016, through February 1, 2016, commencing each day at 9:00 a.m. in Courtroom 28A**.

**IT IS SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge