**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KWAKU ATTAKORA,<br>    Plaintiff,<br><br>            v.<br><br>DISTRICT OF COLUMBIA,<br>    Defendant. | Civil Action No. 12-1413 (CKK) |

**MEMORANDUM OPINION and ORDER**
(December 21, 2015)

On November 13, 2015, the Court held the first Pretrial Conference in this case and issued oral rulings on the objections related to witnesses, exhibits, and deposition designations as set forth in the parties' [82] Joint Pretrial Statement and Plaintiff's [83] Errata thereto. At the hearing, the Court held in abeyance its ruling on Defendant's objection to the introduction of Plaintiff's Exhibit 14 (MedStar Washington Hospital Center records dated Aug. 7, 2012) based on relevancy in order to allow further briefing as to how the medical records filed under seal as Exhibit 14 pertain to the issue of damages. Presently before the Court are Plaintiff's [96] Memorandum Regarding Relevance of Plaintiff's Proposed Exhibit No. 14, Defendant's [97] Response thereto, and Plaintiff's [98] Reply. For the reasons described herein, the Court shall permit Plaintiff to introduce portions of Exhibit 14, if Plaintiff lays the proper foundation for its introduction.

Defendant objects to the introduction of MedStar Washington Hospital Center records dated August 7, 2012, regarding treatment that Plaintiff received as not relevant to any claims or defenses. Jt. Pretrial Stmt. at 9. Plaintiff argues that the hospital records are relevant to the issue of Plaintiff's damages. *Id.* The Federal Rules of Evidence generally permit the admission of "relevant evidence" — *i.e.*, evidence having "any tendency" to make the existence of any fact of consequence more probable or less probable — provided it is not otherwise excluded by the Rules, the Constitution, or an Act of Congress, and its probative value is not "substantially outweighed" by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or

by considerations of undue delay, waste of time, or the needless presentation of cumulative evidence. Fed. R. Evid. 401-403. In deference to their familiarity with the details of the case and greater experience in evidentiary matters, district courts are afforded broad discretion in rendering evidentiary rulings, a discretion which extends to assessing the probative value of the proffered evidence and weighing any factors against admissibility. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

With respect to Plaintiff's medical treatment at Washington Hospital Center, Defendant provided a portion of Plaintiff's deposition testimony. When asked about his damages, Plaintiff explained in part:

> Case in point, on August 17, 2012 after I'd been rejected for [job] offers I had an attack, I had to be carried in an ambulance. I've lost respect of my children, the people I support I cannot support no more. I do have a state of anxiety because my credit is so bad, my house is almost at the point of foreclosure.
>
> I also think that for me I have a high need to sustain myself on food stamps, I don't think it's below me but I cannot rely on it and my social standing has gone down because I can only tell my family members that I'm not employed, I'm not employed because I have been terminated or separated from the – I have a lot of pains of headaches every time I start thinking about it. So this is like a few of – the state of my money and how I've been.

Def.'s Resp. to Pl.'s Memo. Regarding Relevance of Pl.'s Proposed Ex. No. 14, Ex. A at 80:1-17 (Pl.'s Depo. Tr. May 1, 2014), ECF No. [97-1]. Defendant argues that the medical records do not support Plaintiff's claims because the hospital visit occurred more than one year after Plaintiff was terminated in June 2011. Rather, Defendant asserts that based on Plaintiff's deposition testimony, the basis for the hospital visit was being rejected from other jobs in August 2012. Defendant argues that the hospital records bear no temporal or causal connection to the claims in the instant action and, as such, are not relevant.

Plaintiff outlined several stressors related to the Mannone Butler's alleged discriminatory conduct and ultimately the termination of his employment at issue in the instant action. Specifically, Plaintiff asserts that the medical records are relevant because the records demonstrate that Plaintiff's damages are ongoing. Plaintiff points to a response to an interrogatory provided during discovery in which he explained with respect to damages:

> My home is on the verge of foreclosure, my credit is now bad, and I am unable to properly support my family. I cannot sleep many nights and I have been under a

lot of stress since I lost my job. My damages include the damage done to my reputation and career, humiliation, loss of self-respect, loss of community or social standing, loss of position in the family, loss of the dignity of being permitted to tell my side or being believed and loss of belief in the America dream of equality.

Pl.'s Memo. Regarding Relevant of Pl.'s Proposed Ex. No. 14, Ex. 1 at 3 (Pl.'s Answers & Objections to Def. D.C.'s Interrogatories), ECF No. [96-1].

The medical records demonstrate that Dr. Attakora was admitted to Washington Hospital Center on August 17, 2012, with chest pain, and was administered a nuclear stress study by the department of radiology.  Ultimately, the doctor's conclusion based on the stress study was that Dr. Attakora had normal results from the test and he was discharged.  The information in the medical records corroborates Plaintiff's proffered testimony that he suffered from several stressors related to Ms. Butler's alleged discriminatory conduct and his termination, including his inability to find work, and this led to his hospital visit.  To the extent that Defendant argues that the hospital visit is too removed in time from the termination, the Court notes that this may affect the weight that the jury ascribes to the evidence but does not render it irrelevant.

The Court notes that while the medical records are generally relevant to Plaintiff's claim for damages as outlined above, the nine pages submitted by Plaintiff contain medical information that appears to be of little relevance without an explanation from an expert as to the nature of the tests administered and the results thereof.  Plaintiff has identified no such expert as a potential witness.  As such, the Court shall limit the admissibility of this exhibit to the portions of the record that describe the reason for Plaintiff's hospital admission, the fact that a nuclear stress study was administered, and the conclusions gleaned from that stress study.  The Court finds that this information is relevant and may be introduced as long as Plaintiff lays the proper foundation for its admissibility.

Accordingly, it is this 21st day of December, 2015, hereby

**ORDERED** that with respect to Defendant's objection to Plaintiff's Exhibit 14, the portions of Plaintiff's Exhibit 14 describing the reason for Plaintiff's hospital admission, the fact that a nuclear stress study was administered, and the conclusions gleaned from that stress study are relevant to Plaintiff's claim and may be introduced as long as Plaintiff lays the proper foundation for its admission.

**IT IS SO ORDERED.**

_____
/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge